IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD G. KIRBY,**

    Petitioner,

vs                                            1:08-cv-1118 MV/DJS

**JAMES JANECKA, Warden,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 13], entered June 3, 2009, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. For the reasons stated below, the Court recommends the *Petition for Writ of Habeas Corpus* [Doc. 1], filed November 20, 2008, be dismissed without prejudice for failure to exhaust state court remedies.

**I.   BACKGROUND**

Petitioner Richard G. Kirby ("Kirby") is a *pro se* prisoner litigant who seeks relief under 28 U.S.C. § 2241. The basis of his petition is the loss of good-time credits imposed upon him as a sanction for alleged misconduct while incarcerated.

The Petition alleges that prison officials charged Kirby with making a threat against a grievance officer. According to the Petition, the charge of misconduct was sustained and Kirby was

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

sanctioned with a forfeiture of 60 days of good time credit and with a demotion in status from credit-earning prisoner to non-credit-earning prisoner for a period of approximately five weeks. [Doc. 1 at 1.] Kirby alleges these sanctions affect the duration of his sentence and were imposed in violation of his constitutional rights. He requests the Court direct the prison officials to reverse the misconduct conviction, expunge the conviction from prison records, and restore all earned credits that were revoked. [Id. at 3.]

## II.     LEGAL STANDARDS

The loss of earned good time credits, or a reduction in the ability to earn good time credits, is cognizable as a federal habeas claim if it inevitably affects the duration of the inmate's sentence. *Wilson v. Jones*, 430 F.3d 1113, 1120–21 (10th Cir. 2005). In order to obtain federal habeas corpus relief, however, a state prisoner alleging his constitutional rights have been violated during the course of his confinement must first exhaust remedies available in the state courts. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement includes both administrative and state court remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). Failure to exhaust available state court remedies warrants dismissal of the habeas petition. *See LeVier v. Bruce*, 51 F.App'x 290 (10th Cir. 2002). The exhaustion requirement is not applicable, however, if the prisoner has no adequate state remedy such that exhaustion would be futile. *Wilson*, 430 F.3d at 1118 (citing *Gamble v. Calgone*, 375 F.3d 1021, 1026 (10th Cir. 2004)).

## III.    ANALYSIS

Kirby admits he did not pursue any state court remedies. [Doc. 1 at 1; Doc. 12.] He argues, however, that requiring exhaustion would be futile because the "State of New Mexico does not have an expressed constitutional or statutory authority to review the agency decisions." [Doc. 1 at 1.]

Kirby is mistaken in this regard. In New Mexico, the deprivation of good-time credits is

subject to judicial review. *Miller v. Tafoya*, 76 P.3d 1092, 1095 (N.M. 2003). A petition for writ of habeas corpus in state court "is the proper avenue to challenge the unconstitutional deprivation of good-time credits." *Lopez v. LeMaster*, 61 P.3d 185, 189 (N.M. 2002) (citing *Brooks v. Shanks*, 885 P.2d 637 (N.M. 1994)). The New Mexico Supreme Court has described the procedures and standards the state courts must employ when analyzing whether a forfeiture or termination of good-time credits has been carried out so as to violate an inmate's right to due process. *See Brooks*, 885 P.2d at 637 (reversing district court's denial of habeas relief and remanding for evidentiary hearing to evaluate petitioner's claim that good time credits were forfeited in violation of due process rights). The cases set forth procedures for evaluating the petition to determine whether it sets forth a prima facie case for relief; notice and hearing requirements; and the circumstances warranting an evidentiary hearing. *Id.*; *see also Miller*, 76 P.3d at 1095–96.

In support of his futility argument, Kirby relies on *New Mexico ex rel. Pilot Dev. Nw. Inc.v. New Mexico Health Planning & Dev. Bureau*, 701 P.2d 390 (N.M.Ct. App. 1985), which states that courts "have no jurisdiction to consider appeals from administrative decisions absent a statute authorizing an appeal." 701 P.2d 390, 396 (N.M.Ct. App. 1985). This principle has no application here given the well-established authority in New Mexico that courts may exercise habeas jurisdiction to consider constitutional challenges to forfeitures of good-time credits.

Kirby also relies on *Wilson v. Jones* in which the Tenth Circuit held it would be futile to require prisoners in Oklahoma to exhaust state court remedies prior to seeking habeas relief for good-time credit claims. 403 F.3d 1113, 1118 (10th Cir. 2005). The reason for the Tenth Circuit's holding was that prisoners do "not have an adequate habeas remedy under Oklahoma law, [and] [m]oreover, prisoners in Oklahoma cannot file a direct judicial appeal to the state courts challenging a disciplinary board decision regarding their earned-credit status." *Wilson*, 430 F.3d at 1118 (citations and internal

quotation marks omitted).

Given the well-established case law and procedures governing inmate good-time credit claims in New Mexico courts, it cannot be said that Kirby's state law remedies in New Mexico are inadequate or that requiring him to pursue relief in state court would be futile. In sum, Kirby has an adequate state court remedy that he has failed to exhaust. Accordingly, his Petition should be dismissed.

## IV.   RECOMMENDATION

The Court recommends the *Petition for Writ of Habeas Corpus* [Doc. 1], filed November 20, 2008, be dismissed without prejudice.

						_____
						**DON J. SVET**
						**United States Magistrate Judge**

4